IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANTOS MENDOZA                                                                                      PLAINTIFF

v.                                           Civil No. 4:17-CV-04001-SOH-BAB

CAPTIAN GODBOLT, JAILER                                                                     DEFENDANTS
MCMORES, SGT. HEARTMAN, JAILER
PINDERGRAS, JAILER SMITH, SGT.
CATO, LT. ROSS, JAILER BLAND,
JAILER GOLD HINSON, BOOKING
STAFF MACHO, BOOKING STAFF
JONES, MAYS, BOOKING STAFF
STACEY, BOOKING STAFF ROBINSON,
SGT. MALONE, BOOKING STAFF
TARPLER, COOK FINCHER, BOOKING
STAFF MAXFIELD

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is a Motion to Dismiss by Defendants Godbolt, McMores, Sgt. Hartman,[1] Smith, Sgt. Cato, Lt. Ross, Bland, Hinson, Mays, Jones, Sgt. Malone, Tarpler, Fincher, and Maxfield.[2]  ECF No. 11.  Also before the Court is Plaintiff's failure to provide an address where Defendant Pindergras and Booking Staff Stacy may be served.  ECF No. 9.

---

[1] Documents from Defendants indicate the correct spelling for Defendant Heartman is Hartman.

[2] Defendant Robinson has been served, but was not included as one of the Defendants bringing the Motion to Dismiss.  ECF No. 11, p. 1.

1

**1.	BACKGROUND**

Plaintiff filed his Complaint on January 4, 2017. ECF No. 1. Plaintiff alleges a violation of his constitutional rights based on conditions of confinement and excessive force while incarcerated at the Hempstead County Detention Center. ECF No. 1, pp. 6-8. He alleges he was deprived of food, water, medication, a toothbrush, , the use of a phone, the opportunity to cut his nails and shower, the use of a bathroom, paper, and a mat to sleep on. He alleges his head, knee and back were always hurting. He identifies Defendants Godbolt, Ross, Jones, Bland, Fincher, Maxfield, Malone, Stacy, Tarpler, Robinson, Hinson, Cato, Mays, Pindergras, Heartman, McMores, and Macho were involved in the conditions of confinement claims. ECF No. 1, p. 6. Plaintiff further alleges Defendants Pindergras and Robinson picked him up and threw him on his head while he was handcuffed. He alleges he "blacked out" in his left eye for a moment, and now suffers from migraines. ECF No. 1, p. 7. He also alleges Defendant Macho threw him against a copy machine while he was malnourished and both mentally and physically weak. He now has painful knees as a result. ECF No. 1, p. 8.

Plaintiff proceeds against all Defendants in their official and personal capacities. ECF No. 1, pp. 6-8. Plaintiff seeks compensatory and punitive damages. ECF No. 1, p. 9.

Defendants filed their Motion to Dismiss on February 2, 2017. ECF No. 11. Plaintiff did not respond.

After the summons were returned unexecuted as to Defendants Pindergras, Stacy, and Macho, Plaintiff was directed to provide addresses to serve these individuals by February 10, 2017. ECF No. 9. Plaintiff provided an address for Defendant Macho on June 12, 2017. ECF No. 18.

**2.	APPLICABLE LAW**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**3.     DISCUSSION**

Defendants argue they are not mentioned by name in the body of the Complaint, and therefore the case against them should be dismissed. ECF No. 11, p. 1.

At page six of Plaintiff's Complaint, Plaintiff describes his condition of confinement claim, which alleges denial of, among other things, food, water, medication, and basic hygiene supplies. In the section labelled "Name of Each Defendant involved" for this claim, he lists the following names: Godbolt, Ross, Jones, Bland, Fincher, Maxfield, Malone, Stacy, Tarpler, Robinson, Hinson, Cato, Mays, Pindergras, Heartman, McMores, and Macho. ECF No. 1, p. 6. Therefore, Defendants were, indeed, listed in the body of the Complaint. Further, the allegations are that Plaintiff was denied basic necessities of life. At this stage, a motion to dismiss for failure to state a claim, the Court assumes the allegations are true.

In their Brief (ECF No. 12), Defendants also argue Plaintiff failed to allege any basis for official capacity liability. ECF No. 12, p. 3. Defendant are correct that Plaintiff did not explicitly

3

identify a specific custom or policy of Hempstead County which resulted in the conditions of confinement. However, because of the breadth of the claim and the number of individuals alleged to be involved, a reasonable inference may be drawn that the conditions of confinement were the result of a custom or policy of Hempstead County.

Defendants Pindergras and Stacy remain unserved, and Plaintiff has not provided any addresses for a second attempt at service. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (plaintiffs proceeding *in forma pauperis* are responsible for providing defendants' addresses).

### 4. CONCLUSION

Accordingly, I recommend Defendants' Motion to Dismiss (ECF No. 11) be DENIED. I further recommend that Plaintiff's claims against Defendants Pindergras and Stacy be DISMISSED without prejudice as a result of Plaintiff failing to provide sufficient information to effectuate service.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4