IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANTOS MENDOZA                                                                                          PLAINTIFF

v.                                          Civil No. 4:17-CV-04001

CAPTAIN GODBOLT, *et. al.*                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 27).

## I. BACKGROUND

Plaintiff filed his Complaint on January 4, 2017. (ECF No. 1). Plaintiff alleges a violation of his constitutional rights based on conditions of confinement and excessive force while incarcerated at the Hempstead County Detention Center. (*Id*. at 6-8) He alleges he was deprived of food, water, medication, a toothbrush, , the use of a phone, the opportunity to cut his nails and shower, the use of a bathroom, paper, and a mat to sleep on. He alleges his head, knee and back were always hurting. He identifies Defendants Godbolt, Ross, Jones, Bland, Fincher, Maxfield, Malone, Stacy, Tarpler, Robinson, Hinson, Cato, Mays, Pindergras, Heartman, McMores, and Macho were involved in the conditions of confinement claims. (ECF No. 1 at 6). Plaintiff further alleges Defendants Pindergras and Robinson picked him up and threw him on his head while he was handcuffed. He alleges he "blacked out" in his left eye for a moment, and now suffers from migraines. (*Id*. at. 7). He also alleges Defendant Macho threw him against a copy machine while

1

he was malnourished and both mentally and physically weak. He now has painful knees as a result. (*Id*. at 8).

Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id*. at 6-8.) Plaintiff seeks compensatory and punitive damages. (*Id*. at 9).

On February 15, 2018, Defendants filed their Motion for Summary Judgment. (ECF No. 27). On February 16, 2018, the Court entered an Order directing Plaintiff to file his Response to the Summary Judgment. (ECF No. 30). Plaintiff filed a Response on March 9, 2018. (ECF No. 31). On March 12, 2018, the Court entered a Show Cause Order noting that Plaintiff's Response did not comply with the Court's prior Order because it did not address the arguments of the Motion for Summary Judgment and did not contain a separate Statement of Disputed Facts. (ECF No. 32). After he was granted an extension of time to respond (ECF No. 35), Plaintiff filed three documents as his Response. (ECF Nos. 37, 38, 39).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendants argue summary judgment should be granted in their favor because: (1) Plaintiff failed to exhaust his administrative remedies on all of his claims; (2) Plaintiff was not subjected to unconstitutional conditions of confinement; (3) Plaintiff was not subjected to the excessive use of force; (4) Defendants were not deliberately indifferent to Plaintiff's medical needs; (5) Defendants are entitled to qualified immunity; and (6) there is no basis for official capacity liability. (ECF No. 27 at 2).

Because Plaintiff failed to exhaust his administrative remedies for any of his claims, it is not necessary to address Defendants' additional arguments. The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural

3

rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*

The Eighth Circuit Court of Appeals recognizes only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)). "Available remedies are capable of use for the accomplishment of a purpose: immediately utilizable and accessible." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015)(internal quotations and modifications omitted).

In their Brief in Support of Motion for Summary Judgment, Defendants argue Plaintiff failed to exhaust any filed grievances regarding any of his claims in this case. (ECF No. 28 at 2). The Hempstead County Detention Center Inmate Grievance Procedure indicates there is a three-step procedure for inmate grievances, all of which require written documentation. (ECF No. 29-1 at 5). An inmate should first attempt to resolve issues with a detention officer, and any resolution attempts should be documented. The second step requires the inmate to file a written complaint to the Shift Supervisor. If the inmate is unhappy with the results, a written appeal may be submitted to the Grievance Officer. (*Id*.). Defendants provided copies of several written Inmate Complaint sheets submitted by Plaintiff. (ECF No. 29-1 at 6-15). There were, however, no inmate appeals for any of Plaintiff's written complaints.

Plaintiff submitted four single-page documents as his Response to the Motion for Summary Judgment. (ECF Nos. 31, 37, 38, 39). In these documents, Plaintiff makes no argument about or reference to the exhaustion of any grievances. Nor did he make any allegations which could permit an inference that he is eligible for any exception to the PLRA exhaustion requirement.

Thus, Plaintiff does not dispute that he failed to exhaust his administrative remedies concerning his claims in this case. Even if Plaintiff had done so, such an allegation is contradicted by the summary judgment record. As there is no dispute that Plaintiff failed to exhaust his administrative remedies concerning his claims in this case, his claims are barred, and Defendants are entitled to summary judgment as a matter of law.

## IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 27) be GRANTED and Plaintiff's claims against all Defendants in this case be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of July 2018**.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE