IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANTOS MENDOZA                                                                          PLAINTIFF

v.                                            Civil No. 4:17-cv-4001

CAPTAIN GODBOLT, *et al.*                                                              DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed July 20, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 40). Judge Bryant recommends that the Court grant Defendants' motion for summary judgment and dismiss this case with prejudice. Plaintiff Santos Mendoza filed objections to the Report and Recommendation. (ECF No. 41). The Court finds the matter ripe for consideration.

On January 4, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that he suffered constitutional violations while incarcerated at the Hempstead County Detention Center ("HCDC"). On February 15, 2018, Defendants filed a motion for summary judgment, arguing, *inter alia*, that they are entitled to summary judgment on Plaintiff's claims because he failed to exhaust his administrative remedies before filing this action.

On July 20, 2018, Judge Bryant filed the instant Report and Recommendation. Judge Bryant found that the HCDC has a three-step procedure for inmate grievances, and that there is no evidence that Plaintiff fully exhausted his administrative remedies under the HCDC's grievance procedure. Judge Bryant also found that Plaintiff has made no allegations or argument which would allow the Court to determine that he may be excused from the requirement to exhaust his

administrative remedies. Accordingly, Judge Bryant recommends that the Court grant Defendants' motion for summary judgment.

On August 1, 2018, Plaintiff filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

Plaintiff's objections state that he did not understand what the Court was asking of him when he responded to Defendants' summary judgment motion, but that he now believes he understands what is required of him. Plaintiff attaches to his objections several HCDC inmate complaint he filled out, with signatures from various HCDC officers at the bottom of each, indicating their receipt.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." 599 U.S. 199, 218 (2007) (internal quotation marks omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*."). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 599 U.S. at 218. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage

and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Upon consideration, the Court finds that Plaintiff's objections offer neither error of fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. The HCDC inmate grievance procedure reflects a three-step procedure in which an inmate must first submit a written grievance to a detention officer. (ECF No. 29-1, p. 5). If the inmate is unhappy with the resolution of that grievance, he must then appeal the decision in writing to a shift supervisor, who will attempt to resolve the grievance. If the inmate is unsatisfied with the shift's supervisor's response, he must then appeal the decision in writing to the grievance officer. After receiving an adverse decision on the merits at this stage, the inmate will have fully completed the HCDC's grievance procedure and exhausted his administrative remedies.

The completed HCDC inmate complaint sheets attached to Plaintiff's objections show that he submitted various grievances while at the HCDC, but this alone is insufficient to show that he exhausted his administrative remedies. Plaintiff's objections show that he filed several initial grievances, but he does not show that he appealed the resolution of his grievances to the shift supervisor, or further appealed that decision to the grievance officer. The Court cannot find that Plaintiff exhausted his administrative remedies without evidence showing that he fully appealed his grievances and received an adverse decision on the merits from the grievance officer. *Hammett*, 681 F.3d at 947. The Court must find that Plaintiff failed to exhaust his administrative remedies because he has not provided evidence to the contrary. Accordingly, the Court agrees with Judge Bryant that Plaintiff's claims are barred pursuant to the PLRA for failure to exhaust his administrative remedies before bringing this suit.

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court hereby overrules Plaintiff's objections and adopts the Recommendation (ECF No. 40) to the extent that it recommends dismissal of Plaintiff's claims for failure to exhaust his administrative remedies. Said dismissal, however, shall be without prejudice.[1] Accordingly, Defendants' motion for summary judgment (ECF No. 27) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (per curiam).